02D02-2205-CT-000213
Allen Superior Court 2
Filed: 5/6/2022 3:35 PM
Clerk
Allen County, Indiana

USDC IN/ND case 1:22-cv-00183-HAB-SLC   document 5   filed 05/06/22   page 1 of 5

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. |

QUINCY J. HALL,  )
 )
Plaintiff,  )
 )
v.  )
 )
LIPPERT COMPONENTS  )
MANUFACTURING, INC a/k/a  )
LIPPERT COMPONENTS, INC.  )
 )
Defendant.  )

## COMPLAINT FOR DAMAGES

Plaintiff, Quincy Hall ("Hall"), for his cause of action against the Defendant, Lippert Components Manufacturing, Inc., a/k/a Lippert Components, Inc., ("Lippert"), states and alleges as follows:

### I.   INTRODUCTION

1. This is an action by Hall against the Lippert for race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") with respect to race/color discrimination and his termination from employment on June 8, 2021. Hall seeks all relief available under Title VII and 42 U.S.C. § 1981 including, but not limited to, back pay and benefits, front pay and benefits, prejudgment interest, compensatory damages, liquidated damages for the willful Title VII violation, costs and attorney fees.

### II.   PARTIES

2. Hall is an individual citizen of Fort Wayne, Allen County, Indiana.

3. Lippert is a supplier of components to the recreational vehicle and residential housing industries located with its principal office located at 3501 County Road 6 East, Elkhart,

Indiana, 46514, and which operates a facility at 2909 Pleasant Center Road, Yoder, Indiana 46798. Lippert is a for-profit corporation organized and existing under and by virtue of the laws of the State of Delaware. Defendant's Registered Agent is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.

### III.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action by virtue of Title VII of the Civil Rights Act of 1964, specifically Section 706(f), which expressly provides that "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter…", and Section 1981, which expressly provides that:

> "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other…"

5.    This court has venue because Lippert is located in Allen County and the conduct complained of in this Complaint occurred in Allen County. Plaintiff attaches hereto and makes apart hereof Charge of Discrimination 24D-2021-00267 (Exhibit A), and the EEOC's Notice of Right to Sue (Exhibit B), and this Complaint has been filed within ninety (90) days after receipt thereof.

### IV.    FACTS

6.    Hall incorporates by reference paragraphs 1-5 of his Complaint as if same were fully set forth herein.

7. On or about November 16, 2020, Hall was hired by Lippert and was to be Lead over "Gen4", but instead he worked as a member in the Window Assembly Division of Plant 111. Within two to three months, Defendant placed Melissa over the Plaintiff, even though Plaintiff had to teach Melissa how to operate Plaintiff's area.

8. Hall's duties as a member of the Window Assembly Division included working under the direction of the Line Leader and/or Team Leader and building window systems adhering to expected quality specifications and free from defect.

9. Hall's shift in the Window Assembly Division typically began at 6:00 a.m. and ended at 2:30 p.m.

10. However, Hall would routinely work overtime which included coming in earlier than his normal 6:00 a.m. start time or working later than his normal 2:30 p.m. end time. In the month of May 2021, due to overtime needs, Hall was reporting to work between 4:00 a.m. and 4:30 a.m.

11. Employees at Lippert were typically given three scheduled breaks during the first shift including a 15-minute break at 8:00 a.m., a 30-minute break at 11:30 a.m. and a 15-minute break at 1:00 p.m. However, when employees were working overtime (hours outside their normal shift), they would routinely take breaks different from the normally scheduled breaks.

12. On June 5, 2021, Hall clocked in at approximately 4:00 a.m. and then proceeded to take a break from approximately 6:15 a.m. until approximately 6:35 a.m.

13. During this time, one of his supervisors, Melissa Collingsworth, was looking for Hall but allegedly could not find him.

14. Collingsworth questioned Hall where he was and why he was on break.

15. Hall explained that he started his shift at 4:00 a.m. and had taken a break 15-minute break two hours after his shift had started at 4:00 a.m.

16. Collingsworth told Hall to clock out and leave work.

17. On or about June 7, 2021, Lippert contacted Hall and claimed that employees were not permitted to take unscheduled breaks, however, Hall pointed out that employees routinely do that and that Lippert was not uniformly enforcing its policies. Lippert notified Hall that his employment was being terminated.

18. Hall contends that he was not "missing from work", but was on his scheduled break.

19. Hall contends that other employees outside of his protected class regularly take longer breaks than he does and are not sent home let alone terminated.

20. On June 14, 2021, Hall filed a Charge of Discrimination alleging that Lippert discriminated against Hall on the basis of his race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended. See Ex. A.

21. On February 7, 2022, a Notice of Right to Sue was issued to Hall. See Ex. B.

## V. STATEMENT OF CLAIM

### COUNT I –
### RACE DISCRIMINATION UNDER TITLE VII AND 42 U.S.C. § 1981 OF THE CIVIL RIGHTS ACT OF 1964

22. Hall incorporates by reference paragraphs 1-21 of his Complaint as if same were fully set forth herein.

23. Lippert discriminated against Hall on the basis of his race (African American) and color (black) in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

24. As a result of Lippert's violation of Title VII and § 1981, Hall has been damaged and injured.

## VI. PRAYER FOR RELIEF

WHEREFORE, Quincy Hall requests the following relief:

1. judgment in his favor;
2. lost wages;
3. compensatory damages;
4. punitive damages for the willful violations of Title VII and 42 U.S.C. § 1981;
5. any equitable relief as may be appropriate including reinstatement of employment;
6. costs of this action; and
7. all such further relief appropriate under the circumstances.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/ *Christopher C. Myers*
Christopher C. Myers, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
Email: cmyers@myers-law.com;
*Counsel for Plaintiff*